Vance Lamar MOORE, Appellant– Respondent,

v.

Tamela FERGUSON, Yvetta Chere Williams, Tracy Denise Young, Amina Leenya Easton, Jacqueline Marie Hunt, Galaine Teresse Hackney, Paulette Robertson, and Bernice Monique Clark, Appellees–Petitioners.

No. 71A05–9610–JV–405.

Court of Appeals of Indiana.

June 4, 1997.

Transfer Denied Sept. 3, 1997.

---

Louis L. Hegyi, South Bend, for appellant.

Jeffrey A. Modisett, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Vance Lamar Moore challenges the trial court's imposition of nine consecutive six-month sentences of imprisonment for nine charges of civil contempt based upon Moore's failure to pay court-ordered child support for

his nine children. Moore raises the following restated issues:

1. Whether the trial court abused its discretion in sentencing Moore to nine consecutive six-month terms, thus making the civil contempt sentence punitive in nature?

2. Whether the sentence of imprisonment violates Article 1, Section 22 of the Indiana Constitution, which prohibits imprisonment for debt?

## FACTS

From 1988 to 1994, Moore was found to be the father and ordered to pay child support in the nine causes at issue. The right to support payments in each of the nine cases was assigned to the State. Prior to the contempt findings at issue, the trial court had found Moore in contempt a total of twenty-nine times for failure to pay support in the nine cases. The sentences of imprisonment on the previous contempt findings ranged from ten days of imprisonment, with a possible additional sixty days of imprisonment if Moore failed to purge the contempt within the ten days, to six months of imprisonment, concurrent to the time served for any other contempt findings. All of the previous contempt findings allowed Moore to purge the contempt by paying a certain amount towards support. On occasion, the trial court sentenced Moore to community service. The trial court had also repeatedly ordered Moore to find employment and participate in job training.

On January 29, 1996, the State filed an Information for Rule to Show Cause in each of the nine cases, alleging that Moore had failed and refused to comply with the support orders. On June 25, 1996, upon finding Moore in contempt in each of the nine causes, the trial court entered the following order:

The State of Indiana on behalf of the Petitioner appeared by Deputy Prosecuting Attorney Elizabeth Hurley, and the Respondent appeared in person and in custody and by his Attorney of Record, Louis Heygi, for hearing on the Petitioners' Rule to Show Cause. Hearing had on June 25, 1996, and the Court made the following FINDINGS and ORDERS:

1. The Respondent is in arrears in the payment of child support in the total amount of $78,597.00 [sic] as of June 14, 1996, and said sum is entered as a support arrearage judgment.

2. The Respondent's noncompliance with the prior order of this Court is without cause, justification or excuse and was the direct result of willful and intentional conduct, and the Respondent is in contempt of court by reason thereof.

3. Upon finding of contempt, the Court now orders that the Respondent shall be committed to the St. Joseph County Jail for a period of one hundred and eighty (180) days in each individual case, *each sentence to run consecutive to the others* (all such time to be served without credit for good time served), unless the Respondent purges himself of contempt by paying the sum of ten percent (10%) of the arrearage in each individual case to be applied to said outstanding arrearage. The cause numbers, Petitioners' names, total arrearage figures and the amount Respondent needs to pay in each case is set forth below.

| Cause No. | Petitioner's Name | Arrearage | Amount Respondent to Pay |
|-----------|-------------------|-----------|--------------------------|
| 9005JP470 | Galaine Hackney | $7850.00 | $785.00 |
| 9204JP303 | Galaine Hackney | $5475.00 | $547.50 |
| 8901JP52 | Tracy D. Young | $9600.00 | $960.00 |
| 9401JP3 | Bernice Clark | $3125.00 | $312.50 |
| 8903JP191 | Amina Easton | $9305.00 | $930.05 [sic] |
| 9004JP392 | Jaqueline Hunt | $8025.00 | $802.50 |
| 9105JP413 | Paulette Robertson | $6600.00 | $660.00 |
| 9405JP337 | Tamela Ferguson | $4741.00 | $474.10 |
| 8809JP538 | Yvette Williams | $24,492.00 | $2449.20 |

4. Execution of sentence to take place immediately, and the Sheriff of St. Joseph County is ordered to take charge of the person of the Respondent and to carry into execution the sentence of this Court.

R. 100–01.

## DISCUSSION

Moore concedes that he is subject to the nine child support orders upon which his contempt findings are based, and that he is in arrears on those child support payments by a total of $79,213.00.[1] Moore does not challenge the findings of contempt, but rather challenges the court's sentence on the findings of contempt.

## PUNITIVE SENTENCE

 Moore asserts that the trial court abused its discretion by sentencing him to nine consecutive six-month terms of incarceration because such a sentence constitutes punishment and is thus an improper sentence for civil contempt. The Indiana Supreme Court has previously explained the distinction between civil contempt and criminal contempt as follows:

A civil contempt is a violation of a court order which results in a proceeding for the benefit of the aggrieved party. It is not an offense primarily against the dignity of the court, but rather is for the benefit of the party who had been injured or damaged by the failure of another to conform to a court order issued for the private benefit of the aggrieved party. Therefore, ... the primary objective of a civil contempt proceeding is not to punish the defendant, but rather to coerce action for the benefit of the aggrieved party. Punishment in the form of imprisonment or a fine levied against the defendant, which goes to the State and not to the injured party, is characteristic of a criminal proceeding. In a civil contempt action the fine is to be paid to the aggrieved party, and imprisonment is for the purpose of coercing compliance with the order.

*Duemling v. Fort Wayne Community Concerts, Inc.,* 243 Ind. 521, 188 N.E.2d 274, 276 (1963) (citations omitted). However, the fact that imprisonment is the method by which the court seeks to coerce compliance does not make the proceeding a criminal contempt proceeding. *Id.* at 525, 188 N.E.2d at 276–77. Imprisonment may be used in civil contempt proceedings as well; an order of the court that a defendant be committed to jail for a certain period of time unless and until he complies with the original order is not punitive but coercive. *Id.* at 525, 188 N.E.2d at 277. If the court uses imprisonment to coerce the defendant into doing an affirmative act, the court must provide that the imprisonment cease as soon as the act is done, so that the defendant has " 'the key of his prison in his own pocket.' " *Webster v. State,* 673 N.E.2d 509, 512 (Ind.Ct.App.1996) (quoting *State ex rel McMinn v. Gentry,* 229 Ind. 615, 100 N.E.2d 676, 678 (1951)), *trans. denied* (1997).

Thus, the issue before us is whether the contempt sentence was of a nature that could coerce Moore into compliance with the original support orders, or whether it was solely a punitive measure for Moore's failure to pay child support in the past. If the sentence is punitive then the trial court has abused its discretion in ordering such a sentence for civil contempt. Moore asserts that the fact that the court imposed consecutive sentences demonstrates that the sentence is punitive, because it results in an excessive sentence and because consecutive sentences are usually imposed only upon the finding of aggravating circumstances. Moore also argues that he is required to pay an excessive amount of money, $7,859.70, to purge himself from the contempt, and this further demonstrates the punitive nature of his sentence.

 Although Moore's sentence may have punitive aspects, this does not make the sentence a criminal contempt sentence. "While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if the court conditions release upon the contemnor's willingness to [comply with

---

1. Although the trial court's order stated that the total arrearage was $78,597.00, the sum of the individual arrearage amounts is $79,213.00. Moore does not challenge any of the individual arrearage amounts, and we therefore correct the trial court's miscalculation of the total arrearage.

the order]." *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966). *See also Hicks ex rel Feiock v. Feiock,* 485 U.S. 624, 635, 108 S.Ct. 1423, 1431, 99 L.Ed.2d 721 (1988) ("In contempt cases, both civil and criminal relief have aspects that can be seen as either remedial or punitive or both: when a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order."); *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 443, 31 S.Ct. 492, 498–99, 55 L.Ed. 797 (1911) ("It is true that either form of imprisonment has also an incidental effect. For if the case is civil and the punishment is purely remedial, there is also a vindication of the court's authority. On the other hand, if the proceeding is for criminal contempt and the imprisonment is solely punitive, to vindicate the authority of the law, the complainant may also derive some incidental benefit from the fact that such punishment tends to prevent a repetition of the disobedience. But such indirect consequences will not change imprisonment which is merely coercive and remedial into that which is solely punitive in character, or *vice versa.*").

■ Despite the incidental punitive aspects of Moore's contempt sentence, we feel that it is designed to coerce Moore into compliance with his child support orders, and therefore is a proper civil contempt sentence. The sentence requires Moore to serve nine consecutive six-month terms, but gives Moore the opportunity to purge himself of each contempt finding by paying ten percent of the arrearage in that cause, thereby enabling Moore to reduce his sentence by six months each time he pays ten percent of an arrearage.

■ Our determination that Moore's sentence is not solely punitive in nature, but is coercive, is supported by the Indiana Supreme Court's analysis in *Hays v. Hays,* 216 Ind. 62, 22 N.E.2d 971 (Ind.1939). In *Hays,* the father was ordered by divorce decree to pay $5.00 per week child support to the mother, the custodial parent. The father was found in contempt for failure to pay the support, and was committed to the jail until he complied with the order. The supreme court found that the order was not punitive in nature but coercive, despite the fact that the father was to remain in jail indefinitely until he complied with the order. *Id.* at 65, 22 N.E.2d at 972. Because *Hays* demonstrates that an indefinite sentence of imprisonment can be used to coerce compliance, Moore's claim that his consecutive sentences are excessive and therefore punitive must fail. Further, a sentence does not become punitive merely because consecutive terms of imprisonment are imposed. *See Hicks ex rel Feiock,* 485 U.S. at 640–41, 108 S.Ct. at 1434 (holding that five consecutive sentences on five counts of contempt, suspended and three-year probation imposed, was not punitive sentence if contemnor had opportunity to purge by paying arrearage). The only limit on the sentence is that it must give the contemnor an opportunity to purge himself from contempt, which Moore's sentence does. The trial court did not abuse its discretion in sentencing Moore to consecutive six-month terms.

■ Moore also asserts that his sentence is punitive because he is required to pay an excessive amount to purge himself from the contempt. We note that Moore does not assert that the trial court erred in finding him in contempt because he was unable to pay the support, but Moore rather attacks the contempt sentence requiring him to pay the past due support. In light of Moore's failure to challenge the trial court finding that he was in contempt for his unjustified and intentional failure to pay support,[2] we reject Moore's argument that the court's order that Moore pay ten percent of his arrearage to purge himself from contempt was excessive and thus punitive. The large amount that Moore is required to pay to purge himself from contempt is the result

---

**2.** The parent who has failed to comply with the child support order bears the burden of proving, by a preponderance of the evidence, that the failure to comply was not willful or was otherwise excused. *Ort v. Schage,* 580 N.E.2d 335, 337 (Ind.Ct.App.1991).

of Moore's prolonged failure to comply with the support orders. Further, Moore was able to purge himself from each contempt individually by paying only ten percent of the arrearage in that particular cause. The trial court did not abuse its discretion in ordering Moore to pay only a fraction of the amount that Moore is in arrears due to his failure to comply with the support orders.

### ARTICLE I, SECTION 22

Moore next contends that pursuant to Article I, section 22 of the Indiana Constitution[3] he cannot be imprisoned for his failure to pay child support, because the rights to child support have been assigned to the State, and the debt is thus contractual in nature. He concedes that the obligation of a parent to support his child is founded in nature and not contract, but asserts that the debt is transformed to one of contract once child support rights are assigned to the State.

█ This argument has previously been rejected by the Indiana Supreme Court in *Pettit v. Pettit*, 626 N.E.2d 444 (Ind.1993). In *Pettit*, the delinquent parent challenged the use of the court's contempt powers to enforce his support order because the right to collect support had been assigned to the State. The supreme court held that the proscription against imprisonment for debt does not prevent the use of contempt to enforce child support obligations, and the fact that the right to collect support has been assigned to the State does not alter or limit the use of contempt to enforce child support orders. *Id.* at 447–48. Moore's sentence of imprisonment for contempt based upon his failure to pay child support did not violate Article I, § 22 of the Indiana Constitution.

Affirmed.

RUCKER, J., and SHARPNACK, C.J., concur.

**3.** Article I, § 22 provides:
> The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted; and there shall be no imprisonment for debt, except in case of fraud.