In re The Marriage of Krista (Creamer) WILLIAMSON, Appellant–Petitioner,

v.

Layne A. CREAMER, Appellee–Respondent.

No. 29A04–9903–CV–116.

Court of Appeals of Indiana.

Jan. 25, 2000.

David M. Adams, Noblesville, Indiana, Attorney for Appellant.

Mary L. Davidsen, Noblesville, Indiana, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Petitioner–Appellant, Krista Williamson (Williamson), appeals the trial court's Order finding her in contempt of court for violating the trial court's visitation order.

We affirm.

### ISSUES

Williamson raises two issues for our review, which we restate as follows:

1. Whether the trial court erred in finding Williamson in contempt of court.

2. Whether the trial court abused its discretion in sanctioning Williamson.

### FACTS AND PROCEDURAL HISTORY

On November 20, 1993, the parties, Williamson and Layne A. Creamer (Creamer), were married. On February 14, 1994, the only child of the marriage, N.C., was born. On September 14, 1994, Williamson filed a Petition for Dissolution of Marriage with the trial court and on August 2, 1996, the trial court issued a Decree of Dissolution of Marriage in this matter. In the Decree, Williamson was awarded custody of the parties' minor child and Creamer was granted alternating weekend visitation. On April 30, 1997, Williamson filed a Petition to Modify Visitation seeking to suspend Creamer's visitation with the minor child. On May 23, 1997, Creamer filed a Motion for Rule to Show Cause regarding Williamson's denial of visitation and a Petition for Modification of Support. On September 24, 1997, Williamson filed a Petition for Finding of Contempt regarding Creamer's failure to pay child support.

On October 1 and 2, 1997, all pending motions were heard by the trial court. The trial court issued an oral decision at

the conclusion of the hearing and on October 29, 1997, issued a written Order. The trial court found that Williamson denied Creamer sixteen (16) weeks of visitation with N.C. and that Williamson moved the child to Kentucky without providing appropriate notice to the court or to Creamer. As a result, Williamson was found in contempt of court and the trial court ordered that Williamson be incarcerated for thirty-two (32) days as a sanction for her contempt. Williamson, however, was allowed to post an appeal bond and have her sentence stayed pending appeal.

Creamer was also found in contempt of court for failure to pay child support and was ordered into the custody of the Hamilton County Sheriff's Department for up to ninety (90) days until his total child support arrearage was paid. However, Creamer paid his child support arrearage the day of the trial court's oral Order, and thus, was not incarcerated.

On October 31, 1997, Williamson filed a Motion to Correct Errors. On January 6, 1998, Williamson filed a Motion for Change of Judge. This motion was granted on January 8, 1998. Subsequently, the Honorable Jerry M. Barr, Special Judge, assumed jurisdiction over this matter. After several continuances requested by the parties, Williamson's Motion to Correct Errors was heard on October 19, 1998, and taken under advisement. On November 18, 1998, Williamson's Motion to Correct Errors was deemed denied pursuant to Ind. Trial Rule 53.3(A).

This appeal followed.

## DISCUSSION AND DECISION

### I. Contempt of Court

Williamson argues that the trial court's Order finding her in contempt is erroneous because she did not willfully disobey the trial court's visitation order. The determination of whether a party is in contempt of court is a matter within the trial court's discretion and the trial court's decision will only be reversed for an abuse of that discretion. *Williams v. State ex rel. Harris,* 690 N.E.2d 315, 316 (Ind.Ct. App.1997). "A court has abused its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law." *Id.* When reviewing a contempt order, we will neither reweigh the evidence nor judge the credibility of witnesses. *Zillmer v. Lakins,* 544 N.E.2d 550, 552 (Ind.Ct. App.1989). "Our review is limited to considering the evidence and reasonable inferences drawn therefrom that support the trial court's judgment. Unless after a review of the entire record we have a firm and definite belief a mistake has been made by the trial court, the trial court's judgment will be affirmed." *In re Marriage of Glendenning,* 684 N.E.2d 1175, 1179 (Ind.Ct.App.1997), *trans. denied.* Furthermore, this court will only reverse the trial court's contempt judgment if there is no evidence to support it. *Shively v. Shively,* 680 N.E.2d 877, 882 (Ind.Ct. App.1997).

"In order to be punished for contempt of a court's order, there must be an order commanding the accused to do or refrain from doing something." *Adler v. Adler,* 713 N.E.2d 348, 354 (Ind.Ct.App. 1999). To hold a party in contempt for a violation of a court order, the trial court must find that the party acted with "willful disobedience." *Glendenning,* 684 N.E.2d at 1179. Williamson bears the burden of showing that her violation of the court's Decree was not willful. *See Adler,* 713 N.E.2d at 354.

Here, the applicable provision of the trial court's Decree of Dissolution providing the basis for the trial court's contempt finding, states:

*VISITATION.* The respondent shall have visitation with the parties' minor child on alternate weekends from 6:00 P.M. on Friday until 6:00 P.M. on Sunday. Should the respondent be unable to pick the child up at the start of his weekend visitation Ray or Sharon John-

son may do so on his behalf. The respondent shall further have visitation, with advance notice, for a consecutive period of one month during each year. He shall have visitation pursuant to the Court's Holiday Guidelines unless the parties agree otherwise. All grandparents shall have a total of thirty days visitation per year, with the exception that the respondent's father shall not have visitation outside the State of Indiana. It is further ordered that the minor child may not be taken to the State of Arkansas under any circumstances without prior court approval of this Court. Should either party take the child outside of the State of Indiana for more than twenty-four hours, he or she shall notify the other of the same in advance, and provide details of the location, including the address and telephone number. Should either party change his or her primary residence from the State of Indiana the above visitation schedule shall be re-evaluated. (R. 24).

■ The trial court found that Creamer carried his burden of proof that Williamson wrongfully interfered with his visitation with N.C. and that Creamer had no contact with N.C. for sixteen (16) weeks which equaled thirty-two (32) days of visitation. The trial court also found that Williamson moved N.C. to Kentucky without providing the court or Creamer with appropriate notice or with her Kentucky address or telephone number. The trial court concluded that: "[Williamson's] conduct demonstrates a clear, complete, and obvious disregard for the authority of this Court and for the relationship between [N.C.] and his paternal family." (R. 62). As a result, the trial court ordered that Williamson be incarcerated for a period of thirty-two (32) days.

■ A trial court is empowered to specify and enforce the visitation rights of the non-custodial parent pursuant to Indiana Code. *Hartzell v. Norman T.L.*, 629 N.E.2d 1292, 1295 (Ind.Ct.App.1994).

"[A] parent's visitation rights *shall not* be restricted unless the court finds that the visitation might endanger the child's physical health or significantly impair his emotional development." *Id.* (emphasis in original). Thus, the trial court herein was required to enforce the visitation order in this matter.

Williamson argues however, that she did not willfully disobey the trial court's order, and rather, she denied Creamer visitation because she believed that N.C. was being physically and sexually abused by Creamer's step-father during visitation. Nonetheless, the trial court found that Williamson failed to establish by a preponderance of the evidence that N.C. was molested by Creamer's step-father or that a restriction in visitation was necessary to protect N.C.'s physical or mental well-being. If Williamson believed the child was being harmed during Creamer's visitation, Williamson's remedy was to seek a modification of the prior visitation order. *See Id.* Williamson did not seek a modification of Creamer's visitation until April 30, 1997, although she began denying Creamer visitation in February, 1997. "Even if a party contends that an order is erroneous, the order must still be obeyed ... A party's remedy for an erroneous order is appeal and disobedience of the order is contempt." *Crowl v. Berryhill*, 678 N.E.2d 828, 830 (Ind.Ct.App.1997).

The Record reveals that Williamson was aware of the trial court's visitation order and willfully chose to disobey it rather than seek redress with the court. "Uncontradicted evidence that a party is aware of a court order and willfully disobeys it is sufficient to support a finding of contempt." *Id.* Thus, without reweighing the evidence or judging the credibility of the witnesses, we conclude that the trial court properly found Williamson in contempt of court.

*II. Sanction*

Williamson further argues that even if we affirm the finding of contempt, the

punishment for the contempt should be reversed because the penalty is excessive, inappropriate and improper. The trial judge ordered Williamson to be incarcerated for thirty-two (32) days as punishment for her contempt. However, this sanction was stayed pending appeal.

"[I]t is within the inherent power of the trial court to fashion an appropriate punishment for the disobedience of the court's order." *Bechtel v. Bechtel,* 536 N.E.2d 1053, 1056 (Ind.Ct.App.1989). The main objective of a civil contempt matter is to coerce action for the benefit of the aggrieved party, not to punish the contemptor. *Hancz v. City of South Bend,* 691 N.E.2d 1322, 1325 (Ind.Ct.App.1998). Consequently, in a civil contempt proceeding, imprisonment should be for the purpose of coercing compliance with the order. *Id.*

Here, the imposition of the thirty-two (32) day sentence against Williamson serves the coercive purpose of maintaining Williamson's compliance with the court's visitation order in the future for the benefit of Creamer. *See Mitchell v. Stevenson,* 677 N.E.2d 551, 560 (Ind.Ct.App.1997), *trans. denied* (90 day sentence for civil contempt affirmed where punishment had potential for coercive effect).

Accordingly, we conclude that the trial court did not abuse its discretion in sentencing Williamson to thirty-two (32) days incarceration for contempt of court.

### CONCLUSION

Based on the foregoing, we find that the trial court did not abuse its discretion in finding Williamson in contempt and ordering her to be incarcerated for a period of thirty-two (32) days.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.