Craig **EMERY, Appellant–Defendant,**

v.

Michelle **SAUTTER, Appellee–Plaintiff.**

No. 52A02–0211–CV–979.

Court of Appeals of Indiana.

March 26, 2003.

Publication Ordered May 7, 2003.

Rehearing Denied May 19, 2003.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Craig Emery appeals the order of the trial court finding him in contempt of court in the child support proceeding brought against him by appellee-plaintiff Michelle Sautter. Specifically, Emery argues that the trial court did not follow the requisite statutory procedure in entering its finding of contempt and that the finding of contempt is supported by insufficient evidence. Finally, Emery maintains that his ninety-day sentence was unlawful. Concluding that the trial court may have wrongly sentenced Emery, we reverse and remand.

### FACTS

The facts most favorable to the judgment reveal that during their marriage, Emery and Sautter had two children who were ages thirteen and fifteen at the time of these proceedings. The parties were divorced in 1994, and Emery was ordered into court for child support arrearages in September 1995, February 1996, May 1996, and January 1997. By May 2001, Emery's arrearages totaled $6,510.00 despite the fact that he worked as a lineman for QC Communications and earned approximately $808.00 per week.

On September 9, 2002, Sautter filed a verified petition to determine arrearage and petition for citation, alleging that Emery had failed to pay child support and was now in arrears in the amount of $8,241.62. On October 22, 2002, the trial court held a hearing concerning the allegations of non-payment of child support wherein Emery admitted that he owed $9,665.62 in child support. Tr. p. 3. Emery also stated, however, that he was unemployed and had been unable to find employment. Tr. p. 6. Emery testified that he quit his job with QC Communications in July 2002 because the work required that he travel, and he was unable to visit with his children due to the travel demands.

The trial court found that Emery's history of non-payment indicated a lack of commitment to paying child support. Tr. p. 20. The trial court said, "Putting you in jail is not going to accomplish anything other than punishing you but I'm not so sure you don't deserve some punishment. You've been off work, quit this job, I heard your excuse, I don't buy your excuse." Tr. p. 20. The trial court found Emery in contempt and ordered Emery to spend ninety days in the Miami County Jail. Tr. p. 20. Emery now appeals.

### DISCUSSION AND DECISION

#### I. Notice

In objecting to the finding of contempt, Emery first charges that the trial court failed to abide by the procedural require-

ments of Indiana Code section 34–47–3–5. Specifically, Emery urges that he was improperly found in contempt for failing to pay certain medical expenses because the trial court did not serve him with a rule of the court as required by statute.

In resolving this issue, we first note the relevant provisions of Indiana Code section 34–47–3–5:

> (a) In all cases of indirect contempts, the person charged with indirect contempt is entitled:
>
> > (1) before answering the charge; or
> >
> > (2) being punished for the contempt;
>
> to be served with a rule of the court against which the contempt was alleged to have been committed.

The goal of this statute is to provide the requisite notice to a person accused of indirect contempt. *Carter v. Johnson*, 745 N.E.2d 237, 241 (Ind.Ct.App.2001).

The trial court's September 10, 2002 order was an order charging Emery with contempt for *failing to pay medical expenses* on behalf of his two children. Appellant's App. p. 74. However, no fine or jail time was imposed. Instead, the trial court ordered Emery to attend a hearing set for September 17, 2002, wherein Emery's failure to pay medical expenses would be discussed. Appellant's App. p. 74. The hearing was continued until October 22, 2002, coincidently the same date of Emery's hearing on the contempt charge for failure to pay child support.

However, during the October 22, 2002 hearing, Emery's failure to pay medical expenses was not addressed by the trial court. Instead, he was found in contempt for failure to pay *child support* and was sentenced to ninety days in jail. Appellant's App. p. 87. In short, though Emery complains that he was punished without the procedural safeguards of Indiana Code section 34–47–3–5 for failure to pay medi-

cal expenses, the record reflects that there was no punishment for the non-payment of medical expenses. Thus, the provisions of Indiana Code section 34–47–3–5 do not apply here, and Emery's claim must fail.

## II. Sufficiency of the Evidence

Emery next argues that the evidence presented did not support a finding that he "willfully disobeyed" the trial court as defined by our indirect contempt statute, Indiana Code section 34–47–3–1. Specifically, Emery notes that inasmuch as he had no income with which to pay his child support, the finding of contempt must be set aside because he could not possibly have "willfully" disobeyed the trial court. Appellant's Br. p. 10–11.

In addressing Emery's challenge to the sufficiency of the evidence, we first turn to the provisions of our indirect contempt statute:

> A person who is guilty of any willful disobedience of any process, or any order lawfully issued:
>
> > (1) by any court of record, or by the proper officer of the court;
> >
> > (2) under the authority of law, or the direction of the court; and
> >
> > (3) after the process or order has been served upon the person;
>
> is guilty of an indirect contempt of the court that issued the process or order.

Ind.Code § 34–47–3–1. The party in contempt bears the burden of demonstrating that his acts were not "willful." *Williamson v. Creamer*, 722 N.E.2d 863, 865 (Ind. Ct.App.2000). However, with respect to non-payment of child support, our supreme court has held that "contempt is not appropriate unless the parent has the ability to pay the support due." *Pettit v. Pettit*, 626 N.E.2d 444, 448 (Ind.1993).

Because the decision as to whether a party is in contempt is left to

the discretion of the trial court, we will reverse a trial court's finding only if "it is against the logic and effect of the evidence before it or is contrary to law." *Mosser v. Mosser,* 729 N.E.2d 197, 199 (Ind.Ct.App. 2000). When reviewing a contempt order, we do not re-weigh the evidence or judge the witnesses' credibility and will uphold the order unless the record provides us with a "firm and definite belief a mistake has been made by the trial court." *Piercey v. Piercey,* 727 N.E.2d 26, 31–32 (Ind. Ct.App.2000).

In *Pettit,* the father fell into arrears in his child support payments *after* losing his employment. The trial court found him in contempt, but our supreme court reversed because the husband's uncontroverted testimony indicated that he was unemployed, could not find work, and had applied for a loan to pay his child support arrearage. *Id.*

Here, evidence was presented that Emery was employed from July 2001 until July 2002 in an occupation in which he earned $808.00 per week. During this time, he did not pay child support even though he was employed. Appellant's App. p. 64. Unlike the situation in *Pettit,* Emery had ceased making child support payments while still employed. Moreover, the trial court chose to disbelieve Emery's self-serving testimony that he left his employment because it interfered with visitation plans. In short, Emery failed to convince the trial court that he was unable to pay child support, and the determination that he willfully disobeyed a court order may stand.

### III.  Sentence

Finally, Emery contends that the ninety-day jail sentence ordered by the trial court is unlawful. Specifically, Emery claims that the sentence may not stand because the sanction imposed upon him was merely punitive in nature.

We note that our supreme court has held:

> The primary objective of a civil contempt proceeding is not to punish the defendant, but rather to coerce action for the benefit of the aggrieved party. Punishment in the form of imprisonment or a fine levied against the defendant, which goes to the State and not to the injured party, is characteristic of a criminal proceeding. In a civil contempt action the fine is to be paid to the aggrieved party, and imprisonment is for the purpose of coercing compliance with the order.

*Duemling v. Fort Wayne Cmty. Concerts, Inc.,* 243 Ind. 521, 524–25, 188 N.E.2d 274, 276 (1963). Even when an order of imprisonment appears to be punitive, it may still be lawful. *Moore v. Ferguson,* 680 N.E.2d 862, 865 (Ind.Ct.App.1997). The sentence "must be viewed as remedial if the court conditions release upon the contemnor's willingness to [comply with the order]." *Id.* at 865–66 (quoting *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) (alteration in original)).

The trial court stated, "Putting you in jail is not going to accomplish anything other than punishing you but I'm not so sure you don't deserve some punishment ... sometimes I guess punishment's the only thing left." Tr. p. 20. This statement indicates a punitive intent by the trial court in ordering jail time. However, the trial court did not "condition release upon" Emery's compliance with its order to pay child support. The record is silent on whether Emery may leave upon payment of support. If Emery may not leave jail until the ninety-day sentence is served, then the court's actions may be viewed as purely punitive and, thus, unlawful. *Id.* at 866. However, if Emery may leave upon payment of support, the trial court's sen-

tence is more appropriately deemed coercive and, thus, permitted. *Id.* Because we do not know whether the trial court's order of jail time contains a coercive element, we remand this cause to the trial court for further proceedings so that it may clarify whether the sentence was imposed for reasons other than mere punishment.

## CONCLUSION

In light of the issues discussed above, we find that the trial court did not err in holding Emery in contempt for failure to pay child support and that the trial court's finding was supported by sufficient evidence. However, we remand this cause to the trial court because the record is incomplete as to whether Emery's sentence was solely punitive in nature or whether it was imposed to coerce Emery to abide by the child support order.

Affirmed in part, reversed in part, remanded.

RILEY, J., concurs.

MATHIAS, J., dissents with opinion.

MATHIAS, Judge, dissenting.

I respectfully dissent because I do not believe that remand is necessary and that the sentence must be vacated.

The majority believes that Judge Banina's sentencing statement is inadequate because "... it is silent on whether Emery may leave upon payment of support." Op. p. ——. However, I believe that Judge Banina is abundantly clear when he tells Emery that, "Putting you in jail is not going to accomplish anything other than punishing you but I'm not so sure you don't deserve some punishment ... sometimes I guess punishment's the only thing left."

Simply said, Emery is being punished for prior failure to pay child support when he clearly had the means to do so, rather than being found in contempt for a present failure to pay child support despite adequate current income. While the latter is entirely proper, *see Moore v. Ferguson*, 680 N.E.2d 862, 866 (Ind.Ct.App.1997), Emery's incarceration for prior failure to pay without evidence of his present ability to pay is not. *See id.* at 865 (If a sentence is solely a punitive measure for a party's failure to pay child support in the past, the trial court abuses its discretion when ordering such a sentence for civil contempt.).

I fully understand the frustration felt by Judge Banina and Emery's ex-wife. As usual however, it's Emery's children who will suffer most, at a time when they need Emery's child support the most and are forming the image of him that they will hold for a lifetime and pass on to his grandchildren. It's a legacy that Emery should be ashamed to leave.

## ORDER

This Court having heretofore handed down its opinion in this cause marked Memorandum Decision, Not for Publication now Orders that it be published.

IT IS THEREFORE ORDERED that this Court's opinion handed down in this cause on March 26, 2003, marked Memorandum Decision, Not for Publication, is now ordered published.