## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2019, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ernest P. Galos
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Philip Cazallis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 31, 2019

Court of Appeals Case No.
19A-CR-37

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

The Honorable Elizabeth A.
Hardtke, Magistrate

Trial Court Cause No.
71D02-1609-CM-4870

**May, Judge.**

[1] Philip Cazallis appeals following his convictions of Class A misdemeanor operating a vehicle while intoxicated endangering a person ("OVWI")[1] and Class B misdemeanor disorderly conduct.[2] He challenges the appropriateness of his sentence. We affirm.

## Facts and Procedural History

[2] On September 8, 2016, Cazallis drove a moped while intoxicated. He lost control of the moped and flipped over near the intersection of Apple Road and Washington Street in St. Joseph County. Police officers responded to the scene. Cazallis could not remain upright, and the officers smelled alcohol on his breath. They administered field sobriety tests and measured Cazallis' blood alcohol content. Cazallis failed all the field sobriety tests and registered a blood alcohol level of 0.17. The State charged Cazallis with OVWI.

[3] On March 7, 2017, police officers responded to a report that Cazallis was on his front porch yelling and disturbing his neighbors. The officers could smell alcohol on his breath and noticed a bottle of whiskey sitting next to him. They told Cazallis to quiet down, and they left. However, the officers received a call that Cazallis was continuing to disturb his neighbors, so they returned to his

---

[1] Ind. Code § 9-30-5-2.

[2] Ind. Code § 35-45-1-3.

house and arrested him. Subsequently, the State charged Cazallis with disorderly conduct.

[4] On November 9, 2018, Cazallis agreed to plead guilty to the OVWI charge and the disorderly conduct charge. In exchange, the State agreed to dismiss a different operating while intoxicated charge and a resisting law enforcement charge. The plea agreement left sentencing to the discretion of the trial court.

[5] The trial court held a change of plea hearing on November 9, 2018, and a sentencing hearing on December 4, 2018. At the beginning of the sentencing hearing, Cazallis notified the court that, earlier that morning in another courtroom, he had received a six-month executed sentence for a separate conviction of Level 6 felony operating while intoxicated. The parties and trial court also reviewed the existing pre-sentence investigation report from that case for use in the misdemeanor cases.

[6] The trial court sentenced Cazallis to ninety days in jail for disorderly conduct and to 365 days in jail for OVWI. The court also assessed a $200 drug and alcohol fee, and suspended Cazallis' driver's license for 365 days. The court ordered Cazallis to serve the OVWI sentence consecutive to his disorderly conduct sentence and to Cazallis' sentence for Level 6 felony operating while intoxicated. Thus, Cazallis' aggregate sentence on the OVWI charge and the disorderly conduct charge is 455 days.

# Discussion and Decision

[7] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. R. App. P. 7(B). Our role in reviewing a sentence pursuant to Appellate Rule 7(B) "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "The defendant bears the burden of persuading this court that his or her sentence is inappropriate." *Kunberger v. State*, 46 N.E.3d 966, 972 (Ind. Ct. App. 2015). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

[8] Preliminarily, we note Cazallis' argument on appeal addresses the appropriateness of only his sentence for OVWI. (*See* Br. of Appellant at 9-12.) However, "appellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225. Consequently, when a defendant pleads guilty via a single plea agreement to offenses charged under separate cause numbers, we review the defendant's aggregate sentence under the plea agreement. *Moyer v. State*, 83 N.E.3d 136, 140 (Ind. Ct. App. 2017) (Court declined defendant's invitation to review his sentence with regards to only certain counts because to do so "would

essentially amount to ignoring important aspects of the contract between the parties, such as the substantial benefit that he received in exchange for his guilty plea. The plea agreement represented a single transaction that 'embodied the entire agreement between the parties.'") (quoting *Webb v. State*, 941 N.E.2d 1082, 1087-88 (Ind. Ct. App. 2011), *trans. denied*), *trans. denied*. Therefore, we evaluate whether Cazallis' aggregate sentence for OVWI and disorderly conduct is inappropriate in light of the nature of his offenses and his character.

[9] A Class A misdemeanor is punishable by up to one-year imprisonment and a fine of not more than $5,000. Ind. Code § 35-50-3-2. A Class B misdemeanor is punishable by up to 180 days imprisonment and a fine of not more than $1,000. Ind. Code § 35-50-3-3. Thus, both Cazallis' sentence for OVWI and his sentence for disorderly conduct are within the statutory ranges.

[10] Cazallis acknowledges he suffers from substance abuse issues. He is highly educated. He has earned two bachelor's degrees, one in mechanical technology and the second in mechanical engineering. He held gainful employment until he became disabled due to bipolar disorder and depression. Cazallis testified he has sought mental health treatment through the years, and he admitted using alcohol and other substances to cope with his mental health issues. Cazallis also notes he was fifty-five years old at the time of sentencing and resided with his wife and two children. Further, the probation department categorized Cazallis as a low risk to reoffend. Cazallis also points out that his executed sentence for the Class A misdemeanor OVWI is longer than the executed sentence he received for Level 6 felony operating while intoxicated on the same

day. He argues the "sentence imposed was only punitive in nature and [does] not serve to rehabilitate by failing to take into account the positive aspects of [Cazallis'] life." (Appellant Br. at 11-12.)

Nevertheless, Cazallis' OVWI offense endangered himself and others. He flipped his moped, drove with a blood alcohol content of over twice the legal limit, failed all the field sobriety tests, and had trouble standing up. Additionally, regarding Cazallis' disorderly conduct conviction, the officers initially gave him a warning to quiet down. However, Cazallis ignored the warning and continued to disturb his neighbors. This behavior resulted in the officers returning to Cazallis' house to arrest him.

Our Indiana Supreme Court has observed "the role of a defendant's mental illness in the commission of a crime may, in exceptional and extraordinary circumstances, be considered in a Rule 7(B) appellate sentence review in evaluating the nature of the offense." *Helsley v. State*, 43 N.E.3d 225, 229 (Ind. 2015). However, while acknowledging Cazallis' mental health and substance abuse issues, we do not find them so extraordinary as to diminish the gravity of Cazallis' offenses. *See Scott v. State*, 840 N.E.2d 376, 383 (Ind. Ct. App. 2006) (holding defendant's bipolar disorder was entitled to little weight as mitigating factor), *trans. denied*.

A defendant may demonstrate that his sentence is inappropriate given his character by putting forth evidence of "substantial virtuous traits or persistent examples of good character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind.

2015).  On the other hand, a criminal history of similar offenses may justify a harsher sentence.  *See Ludack v. State*, 967 N.E.2d 41, 49 (Ind. Ct. App. 2012) (holding defendant's act of child molestation while on parole for rape warranted imposing consecutive sentences), *trans. denied*.  Imprisonment has both deterrent and punitive effects.  *Moore v. Ferguson*, 680 N.E.2d 862, 865 (Ind. Ct. App. 1997), *trans. denied*.  Cazallis has repeatedly committed alcohol related and low-level felony and misdemeanor offenses.  This OVWI conviction was Cazallis' fourth conviction of operating a vehicle while intoxicated.  In fact, he was sentenced for a Level 6 felony operating while intoxicated conviction earlier in the day.  He also has a previous conviction of possession of marijuana and three convictions of criminal mischief.  Even though Cazallis received treatment for his mental health issues in the past, he still committed the instant offenses.  Consequently, we cannot say Cazallis' sentence was inappropriate given the gravity of his offenses and his character.  *See Wheeler v. State*, 95 N.E.3d 149, 161 (Ind. Ct. App. 2018) (holding defendant's sentence for operating a motor vehicle with an alcohol concentration equivalent to 0.15 and enhancing defendant's sentence for being a habitual vehicular substance offender was not inappropriate given the nature of the offense and defendant's character).

# Conclusion

[14]  We affirm because Cazallis' sentence was not inappropriate given the nature of the offenses and his character.

Affirmed.

Mathias, J., and Brown, J., concur.