DUEMLING *v.* FORT WAYNE COMMUNITY CONCERTS, INC., ET AL.

[No. 30,258. Filed March 1, 1963.]

*Thomas D. Logan, Vern E. Sheldon* and *Rothberg, Gallmeyer, Strutz, Fruechtenicht & Logan,* of counsel all of Fort Wayne, for appellant.

*Robert G. Irish,* and *Hood, Gust & Irish,* of counsel, of Fort Wyane, for appellee, Fort Wayne Community Concerts, Inc.

ARTERBURN, J.—This is an appeal from a contempt proceeding in which the Fort Wayne Community Concerts, Inc. alleged that appellant violated a restraining order previously issued by the court, restraining the appellant and others from the use of the word "Community" in connection with concerts as well as the sale of tickets, along with the advertising and publicity in connection with a concert series in the area of Fort Wayne, Indiana.

The appellee has filed a motion to dismiss this appeal on the ground that it was, in reality, a criminal contempt proceeding and should have been brought, therefore, in the name of the State of Indiana instead of that of the appellant. This case has also been briefed on the merits, which go primarily to the same issue: whether the contempt proceeding was civil or criminal in nature. The issue raised on the motion to dismiss will be discussed with that on the merits, since they concern, to a large extent, the same points.

The "Application to Show Cause" was brought in the name of the appellee, Fort Wayne Community Concerts, Inc., as a petition filed in the original injunction proceeding and not as a separate criminal action in the name of the State. This is consistent with the law outlined for civil contempt proceedings in *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313.

Emphasis is laid upon the allegation in the "Application to Show Cause" that the appellant "[has] wilfully violated the restraining order." It is urged that the allegation of wilfulness makes the proceeding criminal in nature. However, *Denny* v. *State, supra,* in our opinion, settles this question. It says (p. 707) :

> "That even though a single act of disobedience of an order of injunction may constitute both a criminal and civil contempt a proceeding in contempt for enforcement of civil rights and remedies is legally as independent of a criminal proceeding as a civil action for assault and battery is independent of a criminal prosecution based upon the same facts."

It is evident from that case that a disobedience of a court order which entitles a party to compliance may constitute the basis for either or both a criminal and civil contempt proceeding when the act is done wilfully.

It follows, therefore, that an allegation of wilfulness is not decisive as to whether the proceeding is civil or criminal, although wilfulness is an essential element of a criminal contempt.

A civil contempt is a violation of a court order which results in a proceeding for the benefit of the aggrieved party. It is not an offense primarily against the dignity of the court, but rather is for the benefit of the party who has been injured or damaged by the failure of another to conform to a court order issued for the private benefit of the aggrieved party. Therefore, as pointed out in *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, the primary objective of a civil contempt proceeding is not to punish the defendant, but rather to coerce action for the benefit of the aggrieved party. Punishment in the form of imprisonment or a fine levied

against the defendant, which goes to the State and not to the injured party, is characteristic of a criminal proceeding. In a civil contempt action the fine is to be paid to the aggrieved party, and imprisonment is for the purpose of coercing compliance with the order.

In this case the "Application to Show Cause" does not primarily ask for the imposition of any punishment, but merely asks that the defendants be ordered "to show cause why they should not be held in contempt of court." The order of the court, made upon a hearing, provided that the appellant be found "in contempt for the violation of a restraining order of this Court and that she be committed to jail for ten days; the commitment to jail is deferred and suspended as long as and on condition that said defendant complies with the restraining order of this Court." This order appears to be, in our opinion, for the benefit of the aggrieved party in the civil suit. The apparent purpose of it is to gain a compliance with the original injunction.

The fact that imprisonment is the method by which the court seeks to coerce compliance in this case does not make it a criminal contempt proceeding. Imprisonment may be used in civil contempt proceedings also. In *Hays* v. *Hays* (1939), 216 Ind. 62, 22 N. E. 2d 971, the trial court, in a divorce action, had issued an order for the support of one of the parties. A civil contempt proceeding was subsequently instituted as part of that action for non-compliance with the order. This court there stated:

> "The order of the court that he be committed to jail for contempt until he complies with the original order is not punitive but coercive."

It is also argued that no fine is levied for the benefit of the aggrieved party. That does not, however, eliminate the fact that the judgment entered ▮ is for the benefit of the aggrieved party, namely, to secure compliance with the injunction. We do not see how the appellant can complain of the failure to assess a fine against her for the benefit of the other party. The judgment of the trial court appears to us to be coercive rather than punitive. *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313.

It is urged that the trial court's judgment in contempt is negative in nature; that "there is nothing in the future that the appellant can affirmatively do to purge herself of the sentence." ▮ It is true that the judgment finds the defendant guilty of past acts of civil contempt, but the court is concerned, on behalf of the aggrieved party, that no further violations occur. The defendant, as has been said in many cases, carries the "keys to the jail" in her pocket. The sentence is suspended on condition she complies with the injunction. *In Re: Nevitt* (8th Cir. 1902), 117 F. 448, 461. *Bangs* v. *Northern Indiana Power Co.* (1937), 211 Ind. 628, 6 N. E. 2d 563.

Finally, it is urged that the appellant has purged herself by a verified answer which stated, in substance, that the act was not done wilfully or ▮ in contempt of court. In a civil contempt proceeding a verified answer in purgation is not sufficient. The court may hear evidence as well as receive counter-affidavits and arrive at its decision as to whether a civil contempt exists.

Burns' §3-910 provides that an affidavit in purgation has no application in civil contempt proceedings, insofar as barring the court from hearing the facts and determining the issue of whether a civil

contempt exists. In *Hays* v. *Hays* (1939), 216 Ind. 62, 22 N. E. 2d 971, it is said (p. 66):

"In the case of a civil contempt evidence may be heard and the same strictness in pleading is not required that obtains in cases of criminal contempt. In civil contempt the affidavit or information is sufficient when it shows the order of the court and its violation."

Looking at this proceeding as a whole, we must adopt a reasonable theory upon which the action of the trial court may be sustained. 2 I. L. E., Appeals, §471, p. 355. This can be done on the basis that the proceeding was a civil contempt action.

We find this proceeding in harmony with that theory. It was brought, not in the name of the State, but rather in the name of the aggrieved party. It was filed in the civil proceeding out of which it grew, rather than as a separate proceeding. The relief asked was not punitive, but rather coercive, and the relief granted by the court was coercive rather than punitive. The judgment served to protect the interests of the aggrieved party. *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313.

For the reasons stated, the motion to dismiss is overruled and the judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 188 N. E. 2d 274.