Robert B. ICE, Appellant (Defendant Below),

v.

STATE of Indiana, on the Relation of the INDIANA BOARD of DENTAL EXAMINERS, Appellee (Plaintiff Below).

No. 1–879A232.

Court of Appeals of Indiana, First District.

Dec. 17, 1979.

Rehearing Denied Jan. 16, 1980.

---

Gary L. Gerling, Daniel J. McGinn, Gerling Law Offices, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Robert B. Ice (Ice) appeals from a judgment finding him in contempt for violation of an injunction entered in favor of plaintiff-appellee Indiana Board of Dental Examiners (Board).

The single issue preserved for review is whether, assuming Ice was found in *civil* contempt of court, the Board is a proper party to bring the action. In a nutshell, Ice contends that in a proceeding for civil contempt the plaintiff must be an "aggrieved party," and without a showing of an injury in fact, the Board is not entitled to a judgment for contempt.

██ The operative facts involved herein relate to a permanent injunction against Ice preventing the unauthorized practice of dentistry (*see Ice v. State ex rel. Indiana State Board of Dental Examiners,* (1959) 240 Ind. 82, 161 N.E.2d 171), and subsequent conduct in violation thereof. The instant action was brought by the Board and a favorable judgment was obtained. The decree recited that Ice was in civil contempt, and "that in order to coerce compliance with the order and injunction," Ice was ordered imprisoned unless he indicated to the court an intention not to violate the injunction in the future. As a preliminary matter, we note that an injunction is a proper remedy at the behest of the Board to restrain the unauthorized practice of dentistry due to the importance of the public interest involved. *See State ex rel. Board v. Cole,* (1939) 215 Ind. 562, 20 N.E.2d 972.

██ Ice relies on two cases to support his contention that a concrete injury in fact is necessary before an injunction can be enforced by civil contempt proceedings: *Denny v. State,* (1932) 203 Ind. 682, 182 N.E. 313, and *Duemling v. Fort Wayne Community Concerts, Inc.,* (1963) 243 Ind. 521, 188 N.E.2d 274. *Denny* is the leading case in Indiana on the distinction between civil and criminal contempt. We are also of the opinion that it militates against, rather than supports, the position of Ice. The *Denny* court made it clear that an action for civil contempt is not an action for contempt in the sense of vindicating the dignity of the court; rather, it is an *enforcement mechanism* available to an injunction plaintiff to *coerce compliance* with the rights bestowed by the injunction decree. The court noted that "the injunction plaintiff is entitled, *as a matter of right,* to the conduct prescribed by the order . . ." and that "civil rights and duties of the parties *are fixed* by the injunction order . . . ." 203 Ind. at 701–2, 182 N.E. at 319–20 (emphasis added).

In *Duemling,* as here, the injunction defendant was ordered imprisoned unless future compliance with the decree was promised. The court stated that the purpose of the contempt decree appeared to be for the benefit of the aggrieved party, inasmuch as the "purpose of it is to gain a compliance with the original injunction." 243 Ind. at 525, 188 N.E.2d at 276. Also, the court declared:

It is also argued that no fine is levied for the benefit of the aggrieved party. That does not, however, eliminate the fact that the judgment entered is for the benefit of the aggrieved party, namely, to secure compliance with the injunction.

243 Ind. at 526, 188 N.E.2d at 277.

It is clear that the above cases do not support Ice's position. Indeed, these cases illustrate that civil contempt for violation of an injunction is a remedial device that is available to coerce compliance with the decree, and not to merely compensate for

damages suffered as a result of the violation. It must be kept in mind that injuries protected by the remedy of an injunction are often elusive and defy articulation. Moreover, the typical prospective nature of an injunction necessitates the regulation of future conduct, as well as compensation for existing damages. With these matters in mind, to say that tangible losses must be suffered would be to deny the injunction plaintiff the right to put teeth into the injunctive decree.

For the foregoing reasons, the trial court is in all respects affirmed.

Affirmed.

LOWDERMILK, P. J., and NEAL, J., concur.