# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 17 2015, 8:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Andrew C. Mallor
Kendra G. Gjerdingen
Mallor Grodner LLP
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Andrew Z. Soshnick
Teresa A. Griffin
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mariea L. Best,

*Appellant-Respondent,*

v.

Russell C. Best,

*Appellee-Petitioner*

June 17, 2015

Court of Appeals Case No.
06A01-1501-DR-21

Appeal from the Boone Circuit Court.
The Honorable Rebecca S. McClure, Special Judge.
The Honorable J. Jeffrey Edens, Judge.
Cause No. 06C01-0209-DR-381

**Baker, Judge.**

"The seemingly never-ending, post-dissolution litigation in this case has resulted in this third appeal in which Mariea Best ("Mariea") is challenging the jurisdiction of the Boone Circuit Court and its contempt order against her."[1] Here we are again, with a fourth appeal. We affirm in part, reverse in part, and remand with instructions to recalculate the attorney fee award.

## Facts

The underlying facts, as previously described by this Court in *Best III*, are as follows:

> Mariea and Russell Best's ("Russell") marriage was dissolved in 2004. They initially agreed to share joint legal and physical custody of their two children, A.B., born in 1992 and M.B., who has Down Syndrome and was born in 1995. Since 2006, the parties' disagreements concerning custody and other issues relating to their children have been intensely litigated in Boone Circuit Court. A.B. is now emancipated and Russell has custody of M.B.
>
> The parties' current dispute revolves around the establishment of a guardian for M.B., who is now twenty years old. In October 2011, the parties entered in a Mediated Agreed Entry, which was approved by the Boone Circuit Court. The Agreed Entry provides in pertinent part:
>
> > Neither party (either personally or in a representative capacity) will seek guardianship of [M.B.] prior to her attaining twenty-one years of age unless necessary for medical or public benefits purposes. If it becomes necessary before age twenty-one (21), it is agreed that Russell will serve as the guardian. Barring establishment

---

[1] *Best v. Best*, No. 06A04-1403-DR-124, at *1 (Ind. Ct. App. Sept. 3, 2014) ("*Best III*"). *See also Best v. Best*, 941 N.E.2d 499 (Ind. 2011) ("*Best I*"); *In re Marriage of Best*, No. 06A04-1401-DR-46 (Ind. Ct. App. June 25, 2014) ("*Best II*"). Additionally, there is a contemporaneous appeal pending from a guardianship action. *In re Guardianship of Best*, No. 06A01-1408-GU-355 ("Guardianship Appeal").

> of a guardianship, the custody order and jurisdiction of this Court remain in full force and effect.
>
> After M.B.'s nineteenth birthday, the parties ultimately agreed that a guardianship over M.B. should be established even though she is not yet twenty-one years old.

*Best III*, at *1 (internal citations omitted).

Since the 2011 Agreed Entry, Mariea has repeatedly attempted to eviscerate its term providing that Russell would be appointed as M.B.'s guardian. She filed several motions in an attempt to be named as M.B.'s guardian, including a guardianship petition. Russell filed a petition to enforce the Agreed Entry in the dissolution court, which the court granted and this Court affirmed in *Best II*.

While *Best II* was pending, Russell filed a petition to establish a guardianship over M.B. and requested that Mariea consent. She refused, and he filed a motion with the dissolution court requesting that she be held in contempt for her failure to comply with the Agreed Entry. The dissolution court found Mariea in contempt, she appealed, and this Court affirmed in *Best III*.

The guardianship proceedings were being held contemporaneously with the dissolution proceedings. On February 20, 2014, Mariea dismissed her guardianship action and agreed to consent to and not oppose, directly or indirectly, Russell's guardianship petition. She reserved "the right to request a replacement guardian" for M.B. in the guardianship proceedings. Tr. Ex. A.

[6]     Notwithstanding Mariea's agreement to refrain from opposing Russell's guardianship petition, the Agreed Entry, and *Best II*, she proceeded to take the following actions in the guardianship proceeding:

- On April 2, 2014, Mariea filed a petition to stay proceedings pending appeal.
- On May 13, 2014, she filed an objection to the guardianship court's conclusion that she was not eligible for appointment as M.B.'s guardian.
- On June 16, 2014, she filed a petition for appointment of replacement guardian of M.B.
- On July 9, 2014, she filed a continuing objection as to her eligibility for appointment as M.B.'s guardian.
- On July 12, 2014, she filed a renewed application for permission to participate in the guardianship proceedings.
- On July 15, 2014, Mariea attempted to file a trial brief in the guardianship court asserting her right to be appointed M.B.'s guardian. The guardianship court struck that brief from the record.
- At the guardianship hearing, which took place on July 15, 30, and 31, 2014, Mariea testified on behalf of her brother, Alex, who had intervened and was seeking to be named as M.B.'s guardian.
- On August 1, 2014, Mariea filed a motion to reconsider.

On August 8, 2014, the guardianship court entered an order appointing Russell as M.B.'s guardian (the Guardianship Order). Mariea is appealing that order in the currently pending Guardianship Appeal.

[7]     On April 4, 2014, Russell filed a petition with the dissolution court to find Mariea in contempt for failing to comply with the Agreed Entry. The contempt petition was originally based on her petition to stay the guardianship proceedings, and was later updated to include some of her later actions in the guardianship case. On August 25, 2014, the dissolution court granted Russell's

petition and found Mariea in contempt, ordering her to pay attorney fees in the amount of $5,000. She did not appeal that order.

[8] On September 12, 2014, Russell filed a petition in the dissolution court to find Mariea in contempt for her decision to appeal the Guardianship Order. Following a hearing, the dissolution court issued an order on November 18, 2014, finding Mariea in contempt for the third time in less than a year. The court ordered Mariea to pay Russell's attorney fees in the amount of $118,000,

> to compensate [Russell] for fees paid by him in the guardianship proceeding . . . and the guardianship matter initiated by [Mariea] . . . . These fees were incurred as a result of actions taken by [Russell] in reaction to pleadings filed by [Mariea] in those cases and in direct contravention of this Court's earlier Orders. The Court also intends by this sum to compensate fees incurred by Russell Best in pursuing the action presently before the Court.

Appellant's App. p. 66. The dissolution court also ordered that Mariea serve thirty days in jail, "but stay[ed] execution of that sentence contingent upon [Mariea's] taking no further action in disobedience of the parties' 2011 Mediated Agreed Entry or Orders of this Court." *Id.* Mariea now appeals.

## Discussion and Decision

[9] Mariea appeals the dissolution court's order finding her in contempt. Whether a party is in contempt of court is within the sound discretion of the trial court, and we will reverse only upon an abuse of that discretion. *In re Paternity of M.F.*, 956 N.E.2d 1157, 1162 (Ind. Ct. App. 2011). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court or is contrary to law. *Id.* When reviewing a

contempt order, we neither reweigh evidence nor assess witness credibility, considering only the evidence and reasonable inferences that may be drawn therefrom that support the trial court's order. *Id.*

# I. Contempt Finding

[10] Mariea argues that the contempt finding was erroneous because (1) she was not on notice that the act of filing a notice of appeal from the Guardianship Order would violate the dissolution court's orders, and (2) the act of appealing the Guardianship Order did not violate the dissolution court's orders.

# A. Specificity of Dissolution Court Orders

[11] Mariea contends that the dissolution court orders were vague and indefinite. Willful disobedience of any lawfully entered court order of which a litigant had notice is indirect contempt. *M.F.*, 956 N.E.2d at 1163. To be held in contempt for failure to comply with a court order, "'[t]he order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated. A party may not be held in contempt for failing to comply with an ambiguous or indefinite order.'" *Id.* at 1163-64 (quoting *Bandini v. Bandini*, 935 N.E.2d 253, 264-65 (Ind. Ct. App. 2010)).

[12] In the Agreed Entry, Mariea agreed that Russell would be M.B.'s guardian if one was needed before M.B. turned twenty-one years of age. This Court has twice found the Agreed Entry to be a binding contract. *Best II*, slip op at 2; *Best III*, at *3. In *Best III*, we noted that "Mariea conveniently ignores her decision

to enter into the October 2011 Mediated Agreed Entry . . . .” *Best III*, at *3. She continues to engage in this same willful ignorance.

[13] The dissolution court has issued a number of orders on the issue of Mariea's consent to Russell's guardianship of M.B.:

- In October 2011, Mariea entered into an agreement that if M.B. needed a guardian before the age of twenty-one, Russell would be appointed as her guardian. The agreement was approved by the dissolution court and became an order of that court. Appellant's App. p. 62.
- On January 3, 2014, the dissolution court ordered that “if deemed necessary for medical or public benefits purposes, Russell Best shall *with the consent of Mariea Best*, file a petition to establish guardianship over the person of [M.B.] in a court of proper jurisdiction.” *Id.* at 85 (emphasis added).
- On February 19, 2014, the dissolution court “ordered Mariea to sign a blanket consent to the guardianship of M.B. by Russell . . . .” *Best III*, at *2. At that time, Mariea was also ordered “in open court to consent to Russell Best's guardianship” of M.B. Appellant's App. p. 61.
- On August 25, 2014, the dissolution court noted that Mariea had the right to appeal its orders. It further noted that her “continued course of conduct involving actions other than her appeal is viewed by the Court to demonstrate her knowing and intentional intent to disobey the earlier Order of this Court that she abide by the parties' Mediated Agreement and that she consent to Russell's appointment as guardian of [M.B.].” *Id.* at 133.

It simply could not be clearer that Mariea has been ordered, on multiple occasions, by both this Court and the dissolution court, to consent to the appointment of Russell as M.B.'s guardian. She has also made multiple binding agreements to that effect. It would vitiate her court-ordered consent to permit her to appeal the order naming Russell as guardian without

consequence.[2]  We find, therefore, that the dissolution court's orders are not vague and indefinite, and that Mariea had notice that the action of appealing the Guardianship Order would be a violation of these orders.

# B. Right to Appeal

Next, Mariea argues that even if the orders were not vague and indefinite, the act of filing the notice of appeal of the Guardianship Order should not support a finding of contempt.  The right to appeal in civil matters is guaranteed by Article VII, Section 6 of the Indiana Constitution.

In the contempt order at issue in this appeal, the dissolution court explicitly acknowledged Mariea's right to appeal the Guardianship Order:

> 31.  The issue is not Mariea Best's right to appeal the [Guardianship Order].
>
> 32.  Her right to pursue that appeal will be decided by [the guardianship court] or by the Indiana Court of Appeals.
>
> 33.  The sole issue before the [dissolution court] at [the] hearing on October 31, 2014, was whether Mariea Best's filing a notice of appeal of the [Guardianship] Order in an attempt to divest Russell Best of guardianship, constituted a willful violation of

---

[2] Mariea claims she "is not seeking to 'divest' Russell of his guardianship over [M.B.], she is appealing the Guardianship Court's denial of her request to be appointed [M.B.]'s replacement guardian . . . ." Appellant's App. p. 19.  This is a distinction without a difference.  While she is entitled, pursuant to the dissolution court's order, to file a petition for a new, or "replacement," guardian, Russell must first be named guardian.  Not until the Guardianship Order is final will Mariea be entitled to file a petition seeking the appointment of a different guardian.  *See* Appellant's App. p. 61 (dissolution court noting that the guardianship consent signed by Mariea "was signed without prejudice to Mariea's right to seek a replacement guardian *after Russ was appointed [M.B.]'s guardian*") (emphasis added).  As noted by Russell, "[if] Mariea's intent was *not* to divest Russ of guardianship of [M.B.], why [did Mariea] not forego an appeal and file a petition for replacement guardian?"  Appellee's Br. p. 30 (emphasis original).

> the Mediated Agreed Entry of the parties and/or earlier Orders of this Court.
>
> 34. This Court would not presume to say that Mariea Best is precluded from appealing a decision of this Court or any other court. That is not the issue before the Court presently.

Appellant's App. p. 64-65.

[16] Mariea was not precluded from appealing the Guardianship Order. Indeed, she did appeal it. But in making that choice, she opened herself up to the consequences imposed upon her by the dissolution court. It is well established that constitutional rights may be waived. *See, e.g.*, *McBride v. Monroe Cnty. Office of Family and Children*, 798 N.E.2d 185, 194 (Ind. Ct. App. 2003). More specifically, the right to appeal may be waived by agreement of the parties. *See, e.g.*, *Bowling v. State*, 960 N.E.2d 837, 841-42 (Ind. Ct. App. 2012) (holding that a defendant may waive the right to appeal pursuant to the terms of a guilty plea agreement); *Ind. Dep't of Ins. v. Vernon Gen. Ins. Co.*, 784 N.E.2d 556, 563 (Ind. Ct. App. 2003) (holding that in a civil context, "an appeal may be validly waived by agreement of the parties"); *Raper v. Union Fed. Sav. & Loan Ass'n of Evansville*, 166 Ind. App. 482, 489, 336 N.E.2d 840, 488-89 (Ind. Ct. App. 1975) (holding that where a party stipulated to certain facts, that party waived the right to appeal based on those facts).

[17] In this case, Mariea waived—or bargained away—her right to a consequence-free appeal of the appointment of Russell as M.B.'s guardian by entering into the Agreed Entry. The agreement to "consent" to that guardianship necessarily implies an agreement to refrain from appealing said guardianship. We do not

go so far as to say she is not entitled to that appeal at all—that will be for the other panel of this Court considering the Guardianship Appeal to decide. Instead, we merely say that at the least, she may be sanctioned for her decision to appeal.

[18] The dissolution court is entitled to enforce its own orders, which is precisely what it did here. It neither overstepped nor erred by finding that Mariea's decision to appeal violated multiple orders. Therefore, we decline to reverse on this basis.

## II. Contempt Sanctions

## A. Attorney Fees

[19] Next, Mariea argues that the dissolution court abused its discretion in ordering her to pay Russell's attorney fees in the amount of $118,000. If a party is found in contempt, the trial court has the inherent authority to compensate the aggrieved party by awarding attorney fees that were expended by that party to enforce a court order. *Scoleri v. Scoleri*, 766 N.E.2d 1211, 1221 (Ind. Ct. App. 2002). The trial court "possesses personal expertise that he or she may use when determining reasonable attorney's fees." *Id.* An award of attorney fees "'is appropriately limited to those fees incurred because of the basis underlying the award.'" *Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826, 838 (Ind. Ct. App. 2005) (quoting *Brant v. Hester*, 569 N.E.2d 748, 755 (Ind. Ct. App. 1991)).

[20] In this case, the attorney fee award was based on fees "incurred as a result of actions taken by [Mariea] in reaction to pleadings filed by [Russell] in [the

guardianship cases instituted by Mariea and by Russell] and in direct contravention of this Court's earlier Orders." Appellant's App. p. 66. The fee award should have been based on the fees incurred by Russell as a result of Mariea's contemptuous actions *as alleged in that specific contempt petition*. In other words, the dissolution court found Mariea in contempt of court (on this occasion) for filing the notice of appeal of the Guardianship Order. Therefore, Russell is only entitled to attorney fees that directly relate to her Guardianship Appeal and to his litigation of that specific contempt petition.[3] We reverse the attorney fee award and remand to the dissolution court for a recalculation of the attorney fees to be paid by Mariea.[4]

## B. Jail

[21] Finally, Mariea argues that the stayed jail sentence imposed by the dissolution court was an abuse of discretion. A trial court may order imprisonment as part of a finding of contempt, but imprisonment must be for the purpose of coercing compliance with the court order. *Duemling v. Fort Wayne Cmty. Concerts, Inc.*, 243 Ind. 521, 526, 188 N.E.2d 274, 276 (Ind. 1963). In other words, imprisonment for contempt must be coercive rather than punitive. *Id.*

---

[3] Russell maintains that he had requested attorney fees in his past contempt petitions and that the dissolution court merely neglected to rule on the issue. The proper course of action in that case would have been to file a motion to correct error or to reconsider the fee award for the fees related to those contemptuous acts. It is improper to re-raise the issue in a subsequent petition for new, unrelated contemptuous acts.

[4] We encourage Russell to present affidavits or other evidence aside from his own testimony providing a specific basis for the attorney fees he requests on remand.

[22] Mariea argues that the imprisonment order in this case was purely punitive because she cannot purge herself of the contempt given that she has already filed the Guardianship Appeal. We disagree. The dissolution court ordered that she serve thirty days in jail, but stayed execution "contingent upon [Mariea's] taking no further action in disobedience of the 2011 Mediated Agreed Entry or Orders of this Court." Appellant's App. p. 66. Mariea carries the proverbial "keys to the jail" in her pocket—she need not serve a single day in jail so long as she abides by the Agreed Entry and the dissolution court's orders. Given Mariea's litigious and obstreperous history in the course of the dissolution case, it is readily apparent that the dissolution court was merely trying to coerce her into following its orders. We decline to reverse the imprisonment portion of the contempt order.

[23] The judgment of the dissolution court is affirmed in part, reversed in part, and remanded with instructions to recalculate the attorney fee award consistent with this opinion.

Najam, J., and Friedlander, J., concur.