


FILED

Dec 18 2020, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-JP-554

## In the Matter of Paternity of B.Y.,
## Andrea Yanes-Mirabal,
*Appellant-Respondent,*

–v–

## Pardeep Badasay,
*Appellee-Petitioner.*

Decided: December 18, 2020

Appeal from the Hamilton Circuit Court
No. 29C01-1812-JP-1852
The Honorable Paul A. Felix, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-JP-1645

**Opinion by Justice David**
Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

At issue is whether the trial court abused its discretion when it found Mother in contempt of court and ordered that Father have sole legal and physical custody of their infant child, B.Y. We find that it did abuse its discretion by conflating Mother's contempt of court with the best interest of the child. We therefore remand this matter for further proceedings consistent with this opinion.

## Facts and Procedural History

Andrea Yanes-Mirabal ("Mother") and Pardeep Badasay ("Father") were in an on-again off-again relationship starting in 2013 and ending several months before the birth of their son B.Y. In mid-2018, Father filed a Verified Petition to Request DNA Testing, Establish Paternity, Physical Custody, Parenting Time and Child Support in Marion County. Mother, a flight attendant, was required to return to Florida by the end of October 2018 or she would face termination by her employer. Pending a formal hearing in early November, the trial court allowed Mother to take B.Y. out of state on the strict understanding she would return to Indiana with B.Y. for the hearing.

After the trial court heard evidence but before it could issue a formal order, Mother objected to Marion County as a proper venue and filed a Motion for Transfer of Venue to Proper Forum.

In an interim order, the Marion County trial court found that Hamilton County was the proper venue because Father's residence was in a state of flux. The trial court also observed that Mother's employment as a flight attendant made her state of permanent residence questionable, that Mother did not intend to remain in Indiana, and that she returned to Indiana from Florida two days each month. The court made further findings that Mother was breastfeeding the child and intended to do so until B.Y. was approximately one and a half years old, Mother had placed significant restrictions on Father's parenting time, and that Mother did not provide the court with sufficient notice of her intent to relocate B.Y.

In light of these findings—and after considering the best interests of the child—the court also entered an order on parenting time and a temporary restraining order providing "that the minor child may not be relocated from Indiana, pending further hearing in this matter." Appellant's App. Vol. 2 at 29. Father was given parenting time according to the Indiana Parenting Time Guidelines.

After the case was venued in Hamilton County, Father filed a Petition for Rule to Show Cause alleging Mother had violated the Marion County order by relocating the child from Indiana. Father asked, among other things, for a change in custody and that the court sanction Mother for disobeying the Marion County court order. After apparently granting full relief to Father, the Hamilton County court issued a clarifying order providing:

> It was the Court's intention to set a hearing and provide no other immediate relief. Unfortunately, the Court did not sufficiently review the proposed order submitted to notice that additional relief was immediately being Ordered. To the extent that any relief other than a scheduling of a hearing was granted, it is now rescinded.
>
> …
>
> Specifically, the court does not Order the Child returned, does not Order a modification of custody, and does not Order attorney fees to be paid… The scheduled hearing remains set.

Id. at 39.

Thereafter, the Hamilton County court held a hearing on the various pending motions and petitions filed by each party. After considering the testimony of Mother, Father, and several additional witnesses, the court made several findings from the bench and later memorialized those findings in a formalized order. First, the trial court found Mother in contempt for relocating B.Y. out of Indiana and for denying Father

parenting time. Second, the court determined Mother was living in Indiana before choosing to relocate to Florida.

Finally, the court discussed legal and physical custody of B.Y. It found that B.Y. had been in Mother's care since birth, Mother was breastfeeding the child and wished to do so until B.Y. was a year and a half old, and the child was not in danger of physical harm from either Mother or Father. The court further found that Mother took up residence in Florida to prevent Father from being able to parent B.Y.

The court ordered that Father should have sole legal and physical custody of the child, Mother should have certain specified parenting time that deviated from the age recommendations of Section III of the Indiana Parenting Time Guidelines (concerning when distance is a factor), and that Mother was obligated to pay a certain sum of child support after Father's arrearages were satisfied.

Mother appealed, arguing first that she did not willfully disobey the court's order prohibiting her from taking B.Y. out of state and second that the Hamilton County court abused its discretion in awarding custody to Father. In an unpublished decision, the Court of Appeals affirmed the trial court on both issues. *Matter of B.Y.*, 2020 WL 1501770 at *1 (Ind. Ct. App. March 30, 2020).

Mother sought transfer, which we granted, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A). Additional facts will be provided below as necessary.

## Standard of Review

Trial courts maintain considerable discretion in determining whether a party should be found in contempt of court and is reviewed for an abuse of discretion. *Reynolds v. Reynolds*, 64 N.E.3d 829, 832 (Ind. 2016) (citation omitted). Our court will only reverse a finding of contempt "if there is no evidence or inferences drawn therefrom that support it." *Cowart v. White*, 711 N.E.2d 523, 531 (Ind. 1999) (citation omitted), *aff'd on reh'g*, 716 N.E.2d 401 (Ind. 1999).

Additionally, substantial deference is given to trial courts in family law matters. *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016). "Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment." *Id*. (quoting *Best v. Best*, 941 N.E.2d 499, 503 (Ind. 2011)). Unlike cases where a party is seeking to modify custody, cases involving initial custody determinations bear no presumption for either parent because "permanence and stability are considered best for the welfare and happiness of the child." *Id*. (citing *Lamb v. Wenning*, 600 N.E.2d 96, 98 (Ind. 1992)).

## Discussion and Decision

As a preliminary matter, we note that Father did not file either a response to Mother's petition to transfer or a response brief in the Court of Appeals below. Accordingly, the trial court's judgment will be reversed only if Mother presents a prima facie error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

Mother seeks transfer on two grounds. First, she argues that she should not have been held in contempt because she did not willfully disobey a court order when she took B.Y. out of Indiana. Second, Mother argues that the trial court abused its discretion when it ordered Father to have sole legal and physical custody of B.Y.

We do not see this case as two separate issues. Rather, the issue in this case is that the trial court appears to have conflated Mother's contempt of court with B.Y.'s best interests when it established legal and physical custody. For this reason, we reverse the trial court's determination that Father should be awarded full legal and physical custody and remand for further proceedings consistent with this opinion.

As set forth above, the trial court made findings from the bench and in a formalized order. The court found that B.Y. has been in Mother's care since birth, Mother was breastfeeding the child and desired to do so until B.Y. was one and a half years old, and that Mother was doing nothing to cause harm to the child. It further found that Mother was in contempt for

non-compliance of the Marion County interim order, that she disobeyed a court order prohibiting her from leaving the state with B.Y., and that Mother was in contempt for preventing Father's court ordered parenting time. From the bench, the trial court announced that it was establishing custody and concluded that Mother took up residency in Miami to prohibit Father from parenting B.Y.

The trial court expanded on these findings:

> [Father] lives in Hamilton County, Indiana. [Mother] lives in Miami, Florida. [Mother] has been found in contempt for violating a court order that specifically told her not to take the child out of Indiana, and she did so anyway. It specifically told her to allow Father to exercise parenting time and she prevented it.
>
> When I weigh Mother's actions in regard to disregarding a court order versus Father's in regards to not attending a parenting class, the Court has to be much more concerned with Mother's decisions to disregard a court order.

Tr. Vol. 3 at 15. Additionally, the trial court addressed Mother:

> I didn't make these decisions, [Mother], you did. You chose to leave even though you were told not to. You were told … to take the child I should say out of the state of Indiana even though you were told not to. You chose to control [Father] in regards to his ability, the father of this child, to see the child when he wanted to. As an initial decision, I'm awarding sole legal custody to Father.

Id. at 17.

We are satisfied Mother has made a prima facie showing that the trial court erred by conflating her contempt of court with the best interest of B.Y. in making its custody determination. "Contempt of court generally involves disobedience of a court or court order that 'undermines the

court's authority, justice, and dignity.'" *Reynolds*, 64 N.E.3d at 832 (quoting *In re A.S.*, 9 N.E.3d 129, 131 (Ind. 2014)). Regardless of whether a finding of contempt was warranted in this particular case, "the purpose of civil contempt is to coerce action by the contemnor for the benefit of the aggrieved party; civil contempt is not meant to punish the contemnor." *Id*. at 835.  And, generally speaking, only the most egregious violations of court orders that put the child's welfare at stake should play a critical role in a custody order. *See generally, id.; Pierce v. Pierce*, 620 N.E.2d 726, 730 (Ind. Ct. App. 1993), *trans. denied*.

While we do think Mother was punished here by losing legal and physical custody of her dependent infant, it is more concerning that her alleged contempt appeared to be the catalyst for the trial court's order granting Father sole legal and physical custody. When it comes to the best interest of the child, we cannot accept this result. Not only was Mother causing no harm to B.Y., she was also breastfeeding the child. Her act of returning to Florida with B.Y. was born out of the reality that she would lose her job as a flight attendant—her means of supporting the child—if she did not do so. Additionally, the court-appointed guardian ad litem in this case had no opportunity for involvement before the court entered its findings. In sum, Mother's alleged contempt of the Marion County court's order was not so severe as to remove B.Y. from her care.

To be sure, no party in this case is without fault. But when it comes to the most important aspect of these proceedings—the wellbeing and best interests of B.Y.—no party would have been harmed by more deliberate proceedings and additional factfinding.

We reverse the trial court's determination that Father is entitled to sole legal and physical custody of B.Y. We award sole legal custody to Mother and joint physical custody to Mother and Father consistent with the status quo prior to the Hamilton County trial court's April 20, 2019 order. This award is based on the initial findings of both the Marion and Hamilton county courts and the establishment of sole legal custody with the biological mother of a child born out of wedlock. See Ind. Code § 31-14-13-1. On remand, we urge the trial court to decouple its finding of contempt

from the best interests of the child and determine whether a modification of custody is warranted with these principles in mind.

## Conclusion

We reverse the trial court's determination that Father receive sole legal and physical custody of B.Y. and remand this matter for additional proceedings consistent with this opinion.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT
Anne L. Cowgur
Taft Stettinius & Hollister LLP
Indianapolis, Indiana